# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CAROLE DUDLEY, | : |
| :--- | :--- |
| **Plaintiff,** | : |
| | : |
| v. | :     **CIVIL ACTION NO. 18-CV-2111** |
| | : |
| EDWARD FOY, *et al.*, | : |
| **Defendants.** | : |

## MEMORANDUM

JONES, J.                                                                                                      MAY 29, 2018

Plaintiff Carole Dudley, proceeding *pro se*, filed the instant civil action against Edward Foy, Gale Power, Paul Tiffhany, Charles Dudley, Tatian C. Brown, David E. Hudgins, Diana Smith, Sheena Flock, Mahdi Dali, Tony Jones, Doyer Jone, Shareen Hardy, and Kim Cole.[1] She has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the reasons set forth below, the Court will grant Dudley leave to proceed *in forma pauperis* and dismiss her Complaint.

## I. FACTS

Dudley's Complaint is confusing and difficult to understand based on the manner in which it is pled. The Court understands the gist of her Complaint to be that the Defendants (or at least some of them) have been involved in stealing "government checks" sent to her in the mail. For instance, Dudley alleges that "all lady at 30 street post office let [landlord] stealing my mail

---

[1] The majority of those Defendants were identified in an attachment to the Complaint rather than in the caption as required by Federal Rule of Civil Procedure 10(a). Dudley also identified "Jame P. McCarrity" as a Defendant in the body of her Complaint. However, in her Motion to Proceed *In Forma Pauperis*, she identifies "Jame P. McGarrity" as an attorney she seeks to hire to represent her in this case. (Mot. to Proceed *In Forma Pauperis*, ECF No. 1 at 5.) It also appears that Dudley provided that attorney's address to the Court as her address for service. As the Court has no other address for Dudley, the Court will attempt to serve her at the address provided, even though she is not currently represented by an attorney.

for 6 year they stole my govement [sic] check from me please get off my father mail my father is rich." (Compl. ECF No. 2 at 4.)² She also contends that:

> My govement [sic] check pay to me not him- he stole settlement money from govement [sic] He stole govement [sic] chock [sic] from police mam [sic] he stole check 30 street post office He stole govement [sic] check from CBS on your side.

(*Id.* at 5.) It is not clear who "he" is or who the Defendants are and how Dudley's allegations relate to each Defendant.

Dudley also alleges that she filed a police report about a stolen bag and alleges that her landlord "stole 18 million dollars from [her] mail box at 30 street post office in [her] apartment." (*Id.* at 6.) Dudley also apparently spoke to someone in the District Attorney's Office, who told her that "they put a [sic] enforcement gace [sic] power put the enforcement on [her] mail. She stole a lot of money with the landlord" apparently by moving the money between banks. (*Id.*) Dudley also alleges that "they" stole money from her father. (*Id.*) Although unclear, Dudley may be alleging that $6 billion was stolen from her father and that $3 billion was stolen from her. (*Id.* at 7.) She also suggests that her landlord locked her out of her apartment and that she is currently depressed and has "no food." (*Id.*) She appears to be seeking $18 million in damages, which represents the amount of money she believes was stolen from her.

Along with her Complaint, Dudley filed two motions. The first motion, docketed as ECF No. 3, alleges that Dudley's niece and her niece's boyfriend—neither of whom appear to be named as Defendants—are stealing Dudley's money and that the boyfriend killed Dudley's mother for money. Dudley alleges that she reported the boyfriend to the FBI and asks the Court to "make sure they go to jail." (Mot. ECF No. 3.) Dudley also alleges that her landlord told "his friend" to try and kill her for money. (*Id.*) Dudley's second motion, docketed as ECF No. 4,

---

² The Court uses the pagination assigned to the Complaint by the CM-ECF system.

alleges that Dudley and her father have had their identities stolen as well as their checks, which totaled millions or billions of dollars. Dudley asks the Court to "help [her] get one check for food [and a] place to live." (Mot. ECF No. 4.)

## II. STANDARD OF REVIEW

The Court will grant Dudley leave to proceed *in forma pauperis* because it appears that she may not be capable of paying the fees necessary to commence this action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court

---

[3] Although Dudley's Motion to Proceed *In Forma Pauperis* suggests that she receives a "million dollars" in income from the post office and is owed millions or billions, those allegations appear fanciful. (Mot. to Proceed *In Forma Pauperis*, ECF No. 1 at 1.) It is not entirely clear how Dudley supports herself but her Motion and Complaint suggest she is relying on public assistance and, accordingly, that she may not be capable of paying the fees to commence this civil action.

3

must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Dudley is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

At the outset, several of Dudley's allegations appear fanciful and based on irrational thoughts. Even if items have been stolen from her mail, Dudley appears to be suggesting a six-year conspiracy to steal millions or billions of dollars in benefits checks from her and her father. Those allegations rise to the level of factually frivolous and can be dismissed on that basis. In any event, Dudley lacks standing to raise claims based on harm sustained by her father. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)).

To the extent Dudley is raising claims that are not based on irrational or fanciful allegations, her claims fail. Dudley used this Court's form Complaint for non-incarcerated individuals wishing to file a civil action and indicated on the form that she is invoking this Court's federal question jurisdiction and its diversity jurisdiction. However, Dudley has not pled a basis for a federal claim. If Dudley is asserting civil rights claims pursuant to 42 U.S.C. § 1983, nothing in the Complaint suggests that the Defendants are state actors and that they deprived Dudley "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). In any event, if Dudley is trying to bring claims seeking the prosecution of the Defendants (or others) for stealing her checks or for other conduct, her claims are not

cognizable.[4] *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). While the Court is sympathetic if Dudley was the victim of a crime, the Complaint, as pled, fails to allege a basis for federal question jurisdiction.

To the extent Dudley intended to bring tort claims under Pennsylvania law, there is no basis for jurisdiction over those claims. The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, the Complaint suggests that the parties are not completely diverse. Accordingly, the Court must dismiss any state claims for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Dudley's Complaint. The Court will also deny her motions. As it appears that Dudley cannot cure the defects in her claims, she will not be permitted to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

C. DARNELL JONES, II, J.

---

[4] If Dudley believes she was the victim of a crime, she may report that information to the appropriate officials.

5